# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIPP FLORES ARCHITECTS, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-21-CV-00673-XR |
| | § | |
| PRADERA SFR, LLC, AMERICAN | § | |
| HOUSING VENTURES, LLC, KTGY | § | |
| GROUP, INC., | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

On this day, the Court considered the status of this case, including the following seven pending motions for summary judgment and the responses and replies thereto: Plaintiff Kipp Flores Architects, LLC's sealed motion for partial summary judgment against Defendant KTGY Group, Inc. (ECF No. 117), Defendant KTGY Group, Inc.'s response (ECF No. 127), and Plaintiff's reply (ECF No. 128); Plaintiff's sealed motion for partial summary judgment against Defendants Pradera SFR, LLC, American Housing Ventures, LLC, and KTGY Group, Inc. (ECF No. 202), Defendant Pradera SFR's response (ECF No. 166), Defendant KTGY Group, Inc.'s response (ECF No. 174), and Plaintiff's reply (ECF No. 185); Plaintiff's sealed motion for partial summary judgment against Defendant American Housing Ventures, LLC (ECF No. 204), Defendant American Housing Ventures, LLC's response (ECF No. 173), and Plaintiff's reply (ECF No. 183); Plaintiff's sealed motion for partial summary judgment against Defendant Pradera SFR (ECF No. 203), Defendant Pradera SFR's response (ECF No. 170), and Plaintiff's reply (ECF No. 184); Defendant American Housing Ventures, LLC's motion for summary judgment against Plaintiff (ECF No. 152) and Plaintiff Kipp Flores Architects' response (ECF

No. 169); Defendant Pradera SFR's motion for partial summary judgment against Plaintiff (ECF No. 201), Plaintiff's response (ECF No. 168), and Defendant Pradera SFR's reply (ECF No. 186); and finally, Defendant KTGY Group, Inc.'s motion for summary judgment against Plaintiff (ECF No. 199), Plaintiff's response (ECF No. 167), and Defendant's reply (ECF No. 179). After careful consideration, the Court issues the following Order.

## BACKGROUND

Plaintiff Kipp Flores Architects ("KFA") is an architectural firm and the owner of the copyrighted works that are the subject of this lawsuit. ECF No. 60 at 4. Defendants Pradera SFR and American Housing Ventures ("AHV") are real estate developers in the San Antonio area. *Id.* at 2–3. Defendant KTGY Group, Inc. ("KTGY") is an architectural firm. *Id.* at 2. Defendants all worked jointly in constructing the Pradera Project, a real estate development located in the San Antonio area. *Id.* at 3.

In January 2016, KFA and AHV executed a licensing agreement for the use of the KFA's copyrighted works in the Austin, Texas market. *Id.* at 5. Pursuant to the agreement, KFA provided copies of its architectural plans to AHV, which included copyright management information ("CMI") in electronic form. *Id.* at 5–6.

As part of the Austin development project, AHV engaged third-party AGS Graphics to generate stylized floorplan drawings of KFA's architectural works for marketing purposes. *Id.* at 9. AHV also engaged third-party BluEnt to create three-dimensional renderings of the architectural works. *Id.* at 12. Both AGS Graphics and BluEnt executed limited use licensing agreements with KFA, and KFA provided copies of the works to AGS Graphics and BluEnt. *Id.* at 9, 12. KFA alleges that the copies of its architectural plans it provided contained KFA's CMI, but the floorplans and three-dimensional renderings did not contain KFA's CMI. *Id.* at 9–21.

In 2017, Defendant Pradera SFR engaged AHV as the development manager for the Pradera Project. *Id.* at 27. AHV contacted KFA and advised KFA that it wanted to use the previously licensed works for the Pradera Project. *Id.* KFA sent Pradera SFR a copy of its contract terms. *Id.* at 29. KFA and Pradera SFR then executed a licensing agreement for use of KFA's amenities center design at the Pradera Project in August of 2017. *Id.* at 30. However, the parties never reached an agreement regarding the use of KFA's residential designs (including the copyrighted works). *Id.* On November 20, 2017, KFA advised AHV that there was not any executed agreement for the use of the copyrighted works at Pradera and sent AHV a proposed license agreement. *Id*. AHV declined KFA's offer to license the KFA residential designs for Pradera, informing KFA by email on November 21, 2017 that AHV "ended up hiring a different architect that is designing different plans for Pradera." *Id*. at 31.

Pradera SFR and AHV ultimately engaged architectural firm KTGY to design residences for the Pradera Project. *Id.* at 31. KFA alleges that Pradera SFR and AHV distributed copies of KFA's architectural works to KTGY and others, and also that AHV asked KTGY to create "similar layouts" to the KFA architectural works for use in the Pradera Project. *Id.* at 102–03. KFA further alleges that KTGY developed the "Bluebonnet" style homes for construction, which are "copies" or "derivatives" of the KFA 1529 design, which share the overall look and feel of the works and the same selection and arrangement of the constituent parts of the works. *Id.* at 103–05. One hundred and thirty-eight Bluebonnet houses have been constructed at Pradera. *Id*. at 105. Pradera has rented and continues to rent the Bluebonnet houses. *Id*. Plaintiff also alleges that the constructed Bluebonnet houses continue to be used as an instrument of advertising for Pradera. *Id*.

To date, KFA has not licensed Pradera SFR, AHV, KTGY, or any other party to reproduce, distribute, or otherwise use the copyrighted works in connection with the Pradera Development. *Id*. at 31.

Plaintiff alleges that the construction of Bluebonnet houses in Pradera by AHV has violated KFA's exclusive rights to reproduce KFA Plan 1529 and create derivatives of KFA Plan 1529 and has therefore infringed on KFA's copyrights in KFA Plan 1529. *Id*. at 110. Plaintiff further alleges that KTGY's reproduction of copies of the copyrighted works has violated KFA's exclusive right to reproduce the copyrighted works and has thus infringed on KFA's copyrights. *Id*. Plaintiff next alleges that all Defendants, by distributing the KTGY-generated construction drawings, have infringed and continue to infringe on KFA's copyrights in KFA Plan 1529. *Id*. at 111. Finally, Plaintiff alleges that the distribution of marketing materials by AHV has violated and continues to violate KFA's exclusive rights to distribute the copyrighted works, and thus has infringed and continues to infringe on KFA's copyrights in the copyrighted works. *Id*.

KFA filed its first amended complaint on January 25, 2022. ECF No. 60. KTGY filed its amended answer on February 8, 2022. ECF No. 67. On April 13, 2022, the Court issued its Order on Defendants Pradera SFR's and AHV's motions to dismiss (ECF Nos. 65, 66), Plaintiff KFA's respective responses (ECF Nos. 69, 70), and Pradera SFR's and AHV's replies (ECF Nos. 76, 78), granting in part and denying in part the motions to dismiss. The Court dismissed Plaintiff's DMCA claims against Defendants Pradera SFR and AHV. ECF No. 102. Only Plaintiff's copyright infringement claims against each of the three Defendants remain pending. *See* ECF No. 60 at 109.

Pradera filed its amended answer on April 27, 2022. ECF No. 105. AHV filed its amended answer on April 28, 2022. ECF No. 106. Plaintiff and Defendants subsequently filed a

flurry of motions to exclude various experts. *See* ECF Nos. 142, 145, 147, 154, 159, and 161. The Court held a hearing on December 7, 2022 to resolve those motions. Plaintiff and Defendants have also filed a litany of motions for summary judgment, to which the Court now turns its focus. *See* ECF Nos. 117, 152, 199, 201, 202, 203, and 204.

## DISCUSSION

### I.      Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the

necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For the Court to conclude that there are no genuine issues of material fact, the Court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the Court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party, *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II.    Analysis

Pending before the Court are seven motions for summary judgment. The Court will address each motion in turn. First, however, the Court provides a survey of copyright infringement law as it currently stands in the Fifth Circuit, which is applicable to each of the pending motions for summary judgment.

To establish a *prima facie* copyright infringement claim, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To demonstrate copying under the second element, a plaintiff must establish both factual and actionable copying. *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). Proof of

factual copying requires that the defendant in fact used the copyrighted material, which can be shown through either direct or circumstantial evidence showing both "(1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity*." Id.*; *see also Positive Black Talk Inc. v. Cash Money Recs., Inc.*, 394 F.3d 357, 368 (5th Cir. 2004) (quoting *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001)), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). To show probative similarity, Plaintiff may show that "when compared as a whole, [the two works] are adequately similar to establish appropriation." *Peel*, 238 F.3d at 397. Once the plaintiff establishes factual copying, he must next demonstrate that the copying is legally actionable by showing that the allegedly infringing work "is substantially similar to protectable elements of the infringed work." *Lee*, 379 F.3d at 142.

In summation, Plaintiff's claim for copyright infringement must satisfy three elements: "(1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (per curiam).

The "substantial similarity" test requires that a plaintiff "demonstrate that the copying is legally actionable by showing that the allegedly infringing work is substantially similar to *protectable* elements of the infringed work." *Lee*, 379 F.3d at 142 (emphasis added). "Therefore, Plaintiff bears a burden of identifying the protectable elements of its Architectural Drawings and presenting evidence that Defendant's Architectural Drawings are substantially similar to those elements." *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 4:08-CV-03181, 2010 WL 4366990, at *47 (S.D. Tex. Oct. 27, 2010).

The Fifth Circuit uses the "ordinary observer" test for determining substantial similarity. "To support a claim of copyright infringement, the copy must bear a substantial similarity to the

protected aspects of the original. The Supreme Court has defined this essential element of an infringement claim as 'copying of constituent elements of the work that are original.'" Under the ordinary observer or audience test used in making this factual determination, a layman must detect piracy "without any aid or suggestion or critical analysis by others. The reaction of the public to the matter should be spontaneous and immediate." *Peel*, 238 F.3d at 398 (quoting *Feist*, 499 U.S. at 361); *see also Lee*, 379 F.3d at 142 (to determine substantial similarity, "a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar'"); *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997) (same).

## A. Plaintiff KFA's Sealed Motion for Partial Summary Judgment Against Defendant KTGY (Independent Creation)

Plaintiff KFA moves for partial summary judgment against Defendant KTGY on the issue of independent creation. After reviewing Plaintiff KFA's motion (ECF No. 117), Defendant KTGY's response (ECF No. 127), and Plaintiff's reply (ECF No. 128), the Court holds the following.

First, the Court notes the dispute highlighted by the parties regarding whether independent creation is an affirmative defense that needs to be pleaded or a defensive issue that a defendant may raise. Defendant KTGY argues that Plaintiff's motion is moot because Defendant KTGY did not assert independent creation as an affirmative defense; Plaintiff KFA argues that, whether considered an affirmative defense or a defensive issue, Defendant KTGY has asserted independent creation by arguing that KTGY's "prior experiences, knowledge, and work" informed their design choices and that such choices are "common to the industry, based on functional and market demands, and further originate from the public domain" and therefore that summary judgment on the issue is appropriate. *See* ECF No. 128 at 2 (citing ECF No. 117-14 at

5) (Defendant KTGY's First Amended Objections and responses to Plaintiff's First Set of Interrogatories).

Fifth Circuit precedent provides little guidance on the issue of whether independent creation is an affirmative defense. Despite such confusion, the Court holds that "independent creation is a denial of copyright; it is not an affirmative defense. The difference is significant. Once a plaintiff has made out its *prima facie* case, the defendant may interpose an affirmative defense. The defendant bears both the burden of production and persuasion on that defense. By contrast, where the defendant denies an element of a plaintiff's prima facie case, the burden of persuasion remains with the plaintiff." 3 Patry on Copyright § 9:36.

Plaintiff KFA is correct in noting that, while Defendant KTGY does not plead independent creation as an affirmative defense, it does asserts in its amended answer that it "did not infringe the copyrighted works." ECF No. 67 at 131. As mentioned above, Defendant KTGY also asserted in an interrogatory answer that KTGY's "prior experiences, knowledge, and work" informed their design choices and that such choices are "common to the industry, based on functional and market demands, and further originate from the public domain." ECF No. 117-14 at 5.

Plaintiff argues that "[a] defendant asserting independent creation must show by competent evidence that the accused work was created 'without knowledge of or exposure to the plaintiff's work'" and cites Ninth Circuit case law to support its assertion. ECF No 117 at 5. But this requirement that to plead independent creation, the work must have been done without any exposure to plaintiff's work, is not grounded in any Fifth Circuit case law.

Although Plaintiff argues it is entitled to summary judgment because KTGY allegedly admitted to designing "away" from the KFA plans (ECF No. 203 at 4), Chris Texter, corporate

representative for KTGY, stated that "[KTGY] did not create copies of those instruments for service." ECF No. 173-4 at 195:4–6. He further stated that KTGY "did not use, reuse, or use the works of KFA as [KTGY's] works. We created works for our client *independently* of KFA's works, and they are KTGY's original works." ECF No. 171-3 at 94:4–9 (emphasis added). Pradera SFR's expert, Dr. Robert Greenstreet, provided in his rebuttal report an overview of ways in which the KFA and KTGY models differed from one another—including in overall shape and appearance (such as windows, siding and external appearance), square footage, dimensions, overall layout (such as inclusion of a utility room, lack of covered patio, and location of bathrooms), and overall design (such as shutters, columns, external details like brickwork soldier courses and lintels). ECF No. 173-5 at 2–4.

The evidence amassed in this case clearly leaves a question of fact for the jury. A reasonable factfinder could conclude that, in overcoming Plaintiff's inference of factual copying (established by showing access and probative similarity), Defendant KTGY could escape copyright infringement liability by showing that it independently created the work. A material fact exists regarding whether Defendant KTGY independently created its works. A jury will have the ability to assess the evidence and its credibility at trial and make its findings on whether KTGY did in fact independently create the work in dispute, therefore overcoming an inference of factual copying, part of Plaintiff KFA's *prima facie* case of copyright infringement.

Plaintiff KFA's motion for partial summary judgment against Defendant KTGY on the issue of independent creation is therefore **DENIED**.

**B. Plaintiff KFA's Sealed Motion for Partial Summary Judgment against all Defendants (Ownership of Valid Copyrights)**

The Court next turns to Plaintiff KFA's motion for partial summary judgment against all three Defendants, AHV, Pradera SFR, and KTGY, on the issue of Plaintiff KFA's ownership of

valid copyrights in the works in suit (ECF No. 202), as well as Defendant Pradera SFR's response (ECF No. 166) and KTGY's response (ECF No. 174), and Plaintiff's reply (ECF No. 185). Defendant AHV did not respond. For the reasons that follow, the Court holds that Plaintiff KFA's motion for partial summary judgment is denied.

To prevail on a copyright infringement claim, "a party must show that (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (internal quotations and citation omitted). Plaintiff KFA seeks summary judgment on the first element of a copyright infringement claim and a finding from the Court that KFA is the owner of valid copyrights in the primary works in this suit (KFA Plan 1529). *See* ECF No. 202. Defendants argue that KFA's architectural works lack sufficient originality and that at least a genuine and material fact issue has been created, warranting denial of the pending motion for partial summary judgment. The Court agrees with Defendants.

As a threshold matter, the Court notes:

> In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

17 U.S.C. § 410(c). The copyrights at issue here were not registered until December 11, 2019, and were first published in February of 2005. ECF No. 202-3 at 2. Since more than five years elapsed between the first publication of the work and issuance of the certificate of registration, the Court retains the discretion to assign evidence weight to the certificate of registration that it sees fit.

"A defendant who challenges the originality of copyrighted material has the burden to overcome the presumption of validity by presenting either (1) proof that the product was copied from other works, or (2) similarly probative evidence regarding the lack of originality." *Preston Wood & Assocs., LLC v. RZ Enterprises USA, Inc.*, No. CV H-16-1427, 2018 WL 2722328, at *2 (S.D. Tex. June 6, 2018); *see also Lennar Homes of Texas Sales & Mktg., Ltd. v. Perry Homes*, LLC, 117 F. Supp. 3d 913, 930 (S.D. Tex. 2015) (internal quotations and citation omitted)).

Plaintiff argues, and the Court agrees, that Defendants have failed to offer any evidence that the architectural works in question were copied from other works. Unlike the Defendants in *Preston Wood*, however, who failed to present probative evidence regarding lack of originality, Defendants in this case have provided enough evidence to create a genuine issue of material fact regarding the second element of challenging the originality of copyrighted material, therefore making summary judgment on the validity of copyrights inappropriate in this case.

"Originality for copyright purposes does not require that the work be novel or express a meaningful underlying idea, only 'that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.'" *Preston Wood,* 2018 WL 2722328, at *4 (quoting *Feist*, 499 U.S. at 345). "[T]he requisite level of creativity is extremely low; even a slight amount will suffice." *Id*. "Indeed, the originality requirement amounts to 'little more than a prohibition of actual copying.'" *Preston Wood*, 2018 WL 2722328, at *4 (quoting *Lennar Homes*, 117 F. Supp. 3d at 930 (internal quotations and citation omitted)). Although the requirement of originality demands only a "creative spark, no matter how crude, humble or obvious," the level of creativity must be more than "trivial." *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 552 (5th Cir. 2015) (quoting *Feist*, 499 U.S. at 345, 359).

While Plaintiff contends that summary judgment was granted in *Preston Wood* with weaker evidence than presented in this case, the Court disagrees. To begin, the Defendants in *Preston Wood* "concede[d] that Plaintiff's architectural works contain design elements, but complains[ed] that they [were] 'merely decorative and arbitrary.'" 2018 WL 2722328, at *3 (internal citation omitted). Because Defendants in that case "concede[d] that [the architectural works] have some creativity," they failed to rebut the presumption of copyright validity. *Id*. at *4.

In this case, there is sufficient evidence in the summary judgment record to support a theory challenging the originality of the copyrighted works. For example, referring to the placement of the utility closet next to the garage, Sabas Flores, President and corporate representative for Plaintiff KFA, describes that layout as "very typical, and people like -- a lot of clients like the utility closer to the garage for two reasons: one, noise; two, if it floods, the water goes out." ECF No. 171-2 at 112:10–19 (Deposition of Jesus Sabes Flores). Referring to the placement of the garage at the front of the house, Mr. Flores describes that choice as based on "the way this particular site laid out, and they did not have alleys, and it was a narrow lot, so the garage has to be on the front." *Id*. at 111:2–5. Describing the size and design of the covered patio, Mr. Flores remarked in his deposition that "Pflugerville in particular requires a certain amount of masonry, which is why this has got 52% masonry. It requires a certain square footage of covered patio." *Id*. at 132:15–18.

Defendant Pradera SFR's expert Dr. Greenstreet's report also included information about standard architectural elements, including elements such as:

1. The garage is placed at the front of the house;
2. The garage leads to a utility closet, including a washer and dryer, and a powder room;
3. The powder room is located under the stairs;

4. The utility closet then connects the garage to the kitchen, a typical arrangement, particularly in small homes;

5. There is a closet in the entry[.]

ECF No. 171-4 at 15 (Robert Greenstreet Expert Report).

Finally, Defendant KTGY's expert, Jim Atkins, opined that his "review of the KFA design indicates that it is made up of standard features with no elements that have not been utilized in preexisting works." ECF No. 174-9 at 7 (Jim Atkins Expert Report). He also reflects that "the design configurations provided by both KFA and KTGY were determined for functionality and not for artistic appearance" and that "[t]he KFA design is consistent with many single-family home designs existing in the industry." *Id*. at 8.

Sufficient evidence has been proffered to create a genuine question of material fact about whether the asserted copyrighted works are entirely comprised of stock features or other standard arrangements of spaces dictated by consumer preference and external constraints sufficient to create a question about whether the copyrighted works are original. The Court holds that there are genuine disputed issues of material fact about whether the copyrighted works in question are sufficiently original to merit protection. Plaintiff's motion for partial summary judgment on the issue of copyright validity is therefore **DENIED**.

**C. Plaintiff KFA's Sealed Motion for Partial Summary Judgment Against Defendant AHV (Affirmative Defenses)**

The Court next turns to Plaintiff KFA's sealed motion for partial summary judgment against Defendant American Housing Ventures, LLC (ECF No. 204), Defendant AHV's response (ECF No. 173), and Plaintiff's reply (ECF No. 183). For the reasons that follow, the Court holds that the motion for partial summary judgment is granted in part and denied in part.

**i.    Independent Creation**

The Court, for the same reasons as highlighted in Section II(A), holds that Plaintiff KFA's motion for partial summary judgment against Defendant AHV on the issue of independent creation is **DENIED**.

### ii.    License

The existence of a license may provide an affirmative defense to a copyright infringement claim. *Stross v. Centerra Homes of Texas, LLC*, No. 1:17-CV-676-RP, 2021 WL 5190877, at *3 (W.D. Tex. Sept. 27, 2021); *see also Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) ("[T]he existence of a license authorizing the use of copyrighted material is an affirmative defense to an allegation of infringement . . .") (quoting *Carson v. Dynegy, Inc.*, 344 F.3d 446, 451 n.5 (5th Cir. 2003)). An implied license typically arises when: "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Lulirama Ltd., Inc. v. Axcess Broadcast Servs., Inc.*, 128 F.3d 872, 879 (5th Cir. 1997). "Whether an implied license exists turns on the copyright holder's intent, which is question of fact." *Stross*, 2021 WL 5190877, at *3; *see also Sanchez v. Hacienda Records and Recording Studio, Inc.*, 2013 WL 529950, at *6 (S.D. Tex. Feb. 11, 2013).

The Court holds that summary judgment is warranted regarding Defendant AHV's license defense. The Court disagrees with Defendant AHV's contention that its designated corporate representative, Mr. Spencer Rinker, "testified extensively regarding calls with representatives from KFA regarding marketing proposals that would include KFA as the proposed architect (thus necessitating the use of KFA's work in pitch materials)." ECF No. 173 at 4–5. Mr. Rinker's testimony is better summarized as indicating that AHV and KFA never agreed to modify the license agreement that existed between them. ECF No 183-2 at 24:6–18

(summarizing the agreement's express statement that, "[a]bsent specific written permission of the architect, client shall have no right to use architect's drawings or architectural works, directly or indirectly, to create other drawings or architectural works, to create construction documents, to construct a building depicted in architect's drawings or embodies architect's architectural works, or to authorize others to do any of the foregoing"). Mr. Rinker further testified that he was aware and agreed that the "grant of license is subject to the terms and conditions of the agreement" and that "the market area covered by this agreement was the geographic location generally identified as Austin, Texas with the boundary being defined as generally within a 50-mile radius of Austin, Texas." ECF No. 183-2 at 25:3–24. Finally, Mr. Rinker testified that KFA never authorized in writing any expansion to the market area territory for the License Agreement at issue beyond the Austin market. *Id*. at 27:1–4.

The Court holds that Defendant AHV's vague contention that an implied license existed because Mr. Rinker also testified that calls took place with representatives from KFA regarding the use of KFA's work in pitch materials to be insufficient to establish a fact question. *See id*. at 30:1–19 (Mr. Rinker testified that he was sure they "would have had a conversation with [Sabas Flores] about what we were trying to do down in San Antonio" but that he couldn't "say for a fact, but [he] would think that we would have had that conversation with him"). The evidence on this issue is so one-sided that Plaintiff KFA must prevail as a matter of law. *See Anderson*, 477 U.S. at 251–52. Plaintiff KFA's motion for partial summary judgment against Defendant AHV's license defense is therefore **GRANTED**.

**iii.    Fair Use**

Congress has established statutory limitations on exclusive copyrights, including the doctrine of fair use:

> The fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
>
>> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>> (2) the nature of the copyrighted work;
>> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>> (4) the effect of the use upon the potential market for or value of the copyrighted work.
>
> The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

17 U.S.C. § 107; *see also Veeck v. S. Bldg. Code Cong. Int'l Inc.*, 241 F.3d 398, 409–10 (5th Cir. 2001); *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 577 (1994).

The Court agrees with Defendant AHV that, because a genuine issue exists as to whether infringement has occurred, Plaintiff's motion for partial summary judgment on the affirmative defense of fair use must be denied. "Fair use is an affirmative defense for which the defendant has the burden to establish that an otherwise infringing use is excused." *Stross v. Hearst Commc'ns, Inc.*, No. SA-18-CV-01039-JKP, 2020 WL 5250579, at \*4 (W.D. Tex. Sept. 3, 2020); *see also Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). "Because fair use is a mixed question of law and fact, it may be resolved on summary judgment only if a reasonable trier of fact could reach only one conclusion." *Stross*, 2020 WL 5250579, at \*4; *see also Peteski Prods. v. Rothman*, 264 F. Supp. 3d 731, 734 (E.D. Tex. 2017).

Plaintiff KFA's motion for partial summary judgment on the affirmative defense of fair use fails because at this time, a genuine dispute of material fact exists regarding whether Defendant AHV's conduct infringed on Plaintiff KFA's copyright. The basis of a fair-use affirmative defense is any use of copyright material must be "otherwise infringing" and, if so,

whether such conduct is excused after considering the fair-use elements. *Stross*, 2020 WL 5250579, at *4. Plaintiff's motion for partial summary judgment against Defendant AHV regarding its fair use affirmative defense is therefore **DENIED**.

   iv.   **Estoppel**

In order for a defendant to advance estoppel as an affirmative defense to a copyright infringement claim, the defendant must establish the following four elements: "(1) the plaintiff knew the facts of the defendant's infringing conduct; (2) the plaintiff intended that its conduct would be acted on or acted such that the defendant had a right to believe that plaintiff intended its conduct would be acted on; (3) the defendant was ignorant of the true facts; and (4) the defendant relied on the plaintiff's conduct to its injury." *Ledesma v. D.R. Horton, Inc.*, No. SA-08-CA-00128-OLG, 2009 WL 10669700, at *7 (W.D. Tex. July 27, 2009), *report and recommendation adopted*, No. SA-08-CA-128-OG, 2009 WL 10669877 (W.D. Tex. Aug. 18, 2009); *see also Carson v. Dynegy, Inc.*, 344 F.3d 446, 451 (5th Cir. 2003).

For Defendant AHV to survive partial summary judgment on the affirmative defense of estoppel, it must identify a genuine issue of material fact. *See, e.g.*, *Interplan*, 2010 WL 4366990, at *45 ("Where, as here, the Defendant will have the burden of proof at trial on the essential elements of the estoppel defense, it must make a showing sufficient to establish the existence of the essential elements."). Defendant AHV has offered evidence to support the first element of an estoppel defense. *See* ECF No. 173-7 at 216:1–217:9 (establishing that a fact question exists regarding when Mr. Flores learned of Defendant AHV's activities). However, Defendant AHV has advanced no evidence to support the other three elements of an estoppel defense. Defendant AHV has failed to meet its burden and therefore Plaintiff KFA's motion for partial summary judgment on the affirmative defense of estoppel is **GRANTED**.

   v.   **Copyright Misuse**

"The equity-based defense of copyright misuse, which prevents a culpable plaintiff from prevailing in an action for the infringement of a misused copyright 'forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which is contrary to public policy to grant.'" *Veeck*, 241 F.3d at 409 (quoting *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 601 (5th Cir. 1996)).

Defendant AHV's only support for its assertion of a copyright misuse defense is its conclusory statement that "a fact finder could easily find that KFA's anticompetitive and abusive motives are clear—KFA hopes to establish a monopoly on architectural designs for a particular style of housing" by "seek[ing] to prevent other architects from taking on projects and independently designing architectural works or fearing of crossing KFA's artificially-expanded bounds of copyright." ECF No. 173 at 8. "Mere conclusory allegations" and "unsubstantiated assertions" are not competent summary judgment evidence. *United States v. Lothringer*, No. SA-18-CV-00373-XR, 2020 WL 4677406 (W.D. Tex. Aug. 11, 2020). Plaintiff's motion for partial summary judgment against Defendant AHV for its copyright misuse defense is therefore **GRANTED**.

### vi.    Invalidity

As the Court discussed in Section II(B), sufficient evidence has been proffered to create a genuine question of material fact about whether the asserted copyrighted works are entirely comprised of stock features or other standard arrangements of spaces dictated by consumer preference and external constraints sufficient to create a question about whether the copyrighted works are original. The Court holds that there are genuine disputed issues of material fact about whether the copyrighted works in question are sufficiently original to merit protection. Because Plaintiff KFA's motion for partial summary judgment on the issue of copyright validity (ECF No. 202) is denied, the Court concludes that there is sufficient evidence to support Defendant

AHV's asserted affirmative defense of invalidity. Plaintiff's motion for partial summary judgment against Defendant AHV on the affirmative defense of invalidity is therefore **DENIED**.

### vii.    Unprotectable Material

The determination of substantial similarity "typically should be left to the factfinder, [but] summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity." *Peel*, 238 F.3d at 395 (footnote omitted).

Determining substantial similarity is often done through the following test: "[A] side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Creations Unlimited*, 112 F.3d at 816 (footnote omitted).

"However, where the copyrighted work contains unprotectable elements, the first step is to distinguish between protectable and unprotectable elements of the copyrighted work." *Nola Spice Designs*, 783 F.3d at 550; *see also Peel*, 238 F.3d at 398.

The second inquiry in the test requires assessing "whether the allegedly infringing work bears a substantial similarity to the protectable aspects of the original work." *Nola Spice Designs*, 783 F.3d at 550; *see also Peel,* 238 F.3d at 398 ("To support a claim of copyright infringement, the copy must bear a substantial similarity to the protected aspects of the original."). This determination should be based on the perspective of a "layman" or "ordinary observer." *See id.* ("[A] layman must detect piracy without any aid or suggestion or critical analysis by others." (internal quotation marks and citation omitted)). Fifth Circuit precedent also considers "the importance of the copied protectable elements to the copyrighted work as a whole." *Nola Spice Designs*, 783 F.4d at 550; *see also Positive Black Talk,* 394 F.3d at 373 n. 12; *Eng'g Dynamics,*

*Inc. v. Structural Software, Inc.,* 26 F.3d 1335, 1343 (5th Cir. 1994), *opinion supplemented on denial of reh'g,* 46 F.3d 408 (5th Cir. 1995).

Because the determination of what elements are protectable is central to the substantial similarity inquiry, the Court holds that summary judgment on this defense is improper at this time. The "substantial similarity" test requires that a plaintiff "demonstrate that the copying is legally actionable by showing that the allegedly infringing work is substantially similar to *protectable* elements of the infringed work." *Lee,* 379 F.3d at 142 (emphasis added). Because the substantial similarity inquiry inherently involves identifying whether certain elements in the copyrighted works at issue are protectable or unprotectable, this defense is a central component to disputing copyright infringement, the very core of this lawsuit. Defendant AHV is permitted to make its key argument that, because the copyrighted work at issue contains little more than standard or common elements and therefore does not merit protection, copyright infringement has not occurred. Sufficient evidence has been proffered to support Defendant's theory and withstand summary judgment on this issue, as discussed in Section II(B) and elsewhere throughout this Order. The Court therefore holds that Plaintiff KFA's motion for partial summary judgment on Defendant AHV's unprotectable elements defense is **DENIED**.

### viii.   Public Domain

"'[C]opyright does not prevent subsequent users from copying from a prior author's work those constituent elements that are not original—for example . . . facts, or materials in the public domain—as long as such use does not unfairly appropriate the author's original contributions.'" *Feist*, 499 U.S. at 350 (quoting *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 545 (1985)).

Because a genuine issue exists regarding whether copyright infringement has occurred, Plaintiff KFA's motion for partial summary judgment on the affirmative defense of public

domain must be denied. As the Court discussed in Section II(B), a genuine question of material fact about whether the asserted copyrighted works are entirely comprised of stock features or other standard arrangements of spaces dictated by consumer preference and external constraints exists. Plaintiff KFA's motion for partial summary judgment against Defendant AHV's public domain defense is therefore **DENIED**.

      ix.    ***Scènes à Faire***

Copyright protections do not extend to materials such as "facts, information in the public domain, [or] *scènes à faire, i.e.,* expressions that are standard, stock[,] or common to a particular subject matter or are dictated by external factors. *Eng'g Dynamics*, 26 F.3d at 1344.

As the Court discussed in Section II(B), Plaintiff KFA's corporate representative, Mr. Flores, testified as to multiple elements of the copyrighted work that a factfinder could reasonably believe to be standard, stock, or common or dictated by external factors. *See, e.g.*, ECF No. 171-2 at 112:10–19 (describing the placement of the utility closet next to the garage); *see also id*. at 111:2–5 (describing the placement of the garage at the front of the house as based on the way this development was laid out, where it was narrow and no alleys existed); *id*. at 132:15–18 (describing the size and design of the covered patio as a Pflugerville requirement). Because a factfinder could reasonably conclude that copyright protections do not extend to the works at issue in this case because they are *scènes à faire*, the Court holds that summary judgment on this issue is improper. Plaintiff KFA's motion for partial summary judgment against Defendant AHV for the affirmative defense of *scènes à faire* is therefore **DENIED**.

Plaintiff KFA's motion for partial summary judgment against Defendant AHV on certain affirmative defenses is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is granted with respect to the affirmative defenses of license, estoppel, and copyright misuse.

Plaintiff's motion is denied with respect to the affirmative defenses of independent creation, fair use, invalidity, unprotectable material, public domain, and *scènes à faire*.

**D.  Plaintiff KFA's Sealed Motion for Partial Summary Judgment Against Defendant Pradera SFR (Affirmative Defenses)**

Plaintiff KFA's sealed motion for summary judgment against Defendant Pradera SFR on multiple of Pradera SFR's asserted affirmative defenses largely mirrors the same challenges discussed in Section II(C) (Plaintiff KFA's challenges to multiple of Defendant AHV's affirmative defenses). After taking into consideration Plaintiff KFA's motion (ECF No. 203), Defendant's response (ECF No. 170), and Plaintiff's reply (ECF No. 184), the Court issues the following holding.

First, the Court notes that Pradera SFR "agrees to withdraw its waiver, acquiescence, license, and public domain defenses." ECF No. 170 at 1–2 n.1. Plaintiff's motion for partial summary judgment on these affirmative defenses is therefore **DENIED AS MOOT**. Defendant Pradera SFR notes, however, that while "it is not asserting that each of the asserted copyrighted works are entirely in the public domain so that each work is invalid on that basis standing alone[,]" it does intend to argue in its substantial similarity inquiry that certain elements of the copyrighted works are in the public domain. *Id.* at 2.

As discussed in Section II(C), "'copyright does not prevent subsequent users from copying from a prior author's work those constituent elements that are not original—for example . . . facts, or materials in the public domain—as long as such use does not unfairly appropriate the author's original contributions.'" *Feist*, 499 U.S. at 350 (quoting *Harper*, 471 U.S. at 545).

The Court will permit Defendant Pradera SFR to argue in its substantial similarity inquiry at trial that certain elements of the copyrighted works are in the public domain. The "substantial similarity" test requires that a plaintiff "demonstrate that the copying is legally actionable by

showing that the allegedly infringing work is substantially similar to *protectable* elements of the infringed work." *Lee*, 379 F.3d at 142 (emphasis added). Because the substantial similarity inquiry inherently involves identifying whether certain elements in the copyrighted works at issue are protectable or unprotectable, discussion of whether certain elements are part of the public domain, and therefore unprotectable, is proper.

The Court next turns to the various affirmative defenses that Defendant Pradera SFR advances and that KFA challenges in its motion for partial summary judgment.

### i.      Independent Creation

The Court, for the same reasons as highlighted in Section II(A), holds that Plaintiff KFA's motion for partial summary judgment against Defendant Pradera SFR on the issue of independent creation is **DENIED**.

### ii.     Estoppel

The Court next turns to Pradera SFR's estoppel affirmative defense. In order for a defendant to advance estoppel as an affirmative defense to a copyright infringement claim, the defendant must establish the following four elements: "(1) the plaintiff knew the facts of the defendant's infringing conduct; (2) the plaintiff intended that its conduct would be acted on or acted such that the defendant had a right to believe that plaintiff intended its conduct would be acted on; (3) the defendant was ignorant of the true facts; and (4) the defendant relied on the plaintiff's conduct to its injury." *Ledesma v. D.R. Horton, Inc.*, No. SA-08-CA-00128-OLG, 2009 WL 10669700, at *7 (W.D. Tex. July 27, 2009), *report and recommendation adopted*, No. SA-08-CA-128-OG, 2009 WL 10669877 (W.D. Tex. Aug. 18, 2009); *see also Carson v. Dynegy, Inc.*, 344 F.3d 446, 451 (5th Cir. 2003).

For Defendant Pradera SFR to survive partial summary judgment on the affirmative defense of estoppel, it must identify a genuine issue of material fact. *See, e.g., Interplan*, 2010

WL 4366990, at *45 ("Where, as here, the Defendant will have the burden of proof at trial on the essential elements of the estoppel defense, it must make a showing sufficient to establish the existence of the essential elements."). Because Defendant Pradera SFR fails to satisfy the fourth element needed for an estoppel defense, partial summary judgment on this affirmative defense is warranted. In Defendant Pradera SFR's response to the motion, it noted its belief, after Mr. Flores emailed AHV employees on July 31, 2018, and raised concerns about alleged copyright infringement, "that KTGY had drawn the floorplans from the Pradera Development 'from scratch,' developing them independently, and therefore did not believe that Mr. Flores's claims were well-founded or concerning." ECF No. 170 at 9 (referencing ECF No. 170-6 at 212:3–7 (Pradera employee Ms. Stacy Fuchs' deposition, stating that the "belief was KTGY started from scratch, independently developed the plans; that this didn't really make sense and that it didn't seem like it would be a big deal, and AHV would discuss it with Mr. Flores")). Pradera SFR further noted that it "continued to develop the project, believing the KTGY plans were non-infringing." ECF No. 170 at 10 (referencing ECF No. 170-6 at 218:25–219:6). Finally, Pradera SFR noted that, "[a]t no time before the filing of this lawsuit, was Pradera SFR aware that employees for AHV had sent KFA's plans to KTGY." ECF No. 170 at 10 (referencing ECF No. 170-6 at 84:8–21.

As Plaintiff KFA correctly notes, taking Pradera SFR at its word, the fourth element of an estoppel defense cannot be established. Pradera SFR cannot have "relied on the plaintiff's conduct to its injury" if the crux of its argument is that it did not know that KTGY had and was using copies of KFA's work to develop the plans for the Pradera Development until after the present lawsuit was filed. Because the fourth element of an estoppel defense cannot be satisfied, the Court need not analyze the remaining three elements. As such, Plaintiff's motion for partial

summary judgment against Defendant Pradera SFR on its estoppel affirmative defense is **GRANTED**.

### iii. *Scènes à Faire*

Copyright protections do not extend to materials such as "facts, information in the public domain, [or] *scènes à faire*, i.e., expressions that are standard, stock or common to a particular subject matter or are dictated by external factors. *Eng'g Dynamics*, 26 F.3d at 1344.

As the Court discussed in both Section II(B) and II(C)(ix), Plaintiff KFA's President and corporate representative, Mr. Flores, testified as to multiple elements of the copyrighted work that a factfinder could reasonably believe to be standard, stock, or common or dictated by external factors. *See, e.g.*, ECF No. 171-2 at 112:10–19 (describing the placement of the utility closet next to the garage); *id*. at 111:2–5 (describing the placement of the garage at the front of the house as based on the way this development was laid out, where it was narrow and no alleys existed); *id*. at 132:15–18 (describing the size and design of the covered patio as a Pflugerville requirement).

Defendant Pradera SFR's experts, Dr. Greenstreet and Dennis Sheya, also testified regarding various design elements and layouts that a factfinder could conclude to be standard and thus outside of copyright protection, including the locations of bedrooms and utility closets, the arrangement of the kitchen, and the inclusion of closets in bedrooms, as examples of external constraints or consumer preferences. *See, e.g.*, ECF No. 171-4 at 15 (Robert Greenstreet Expert Report); ECF No. 171-5 at 3–4 (Dennis Sheya Deposition).

Because a factfinder could reasonably conclude that copyright protections do not extend to the works at issue in this case because they are *scènes à faire*, the Court holds that summary judgment on this issue is improper. Plaintiff KFA's motion for partial summary judgment against Defendant Pradera SFR for the affirmative defense of *scènes à faire* is therefore **DENIED**.

### iv.    Merger

"The merger doctrine is based on the statutory prohibition against copyright protection for ideas. *See* 17 U.S.C. § 102(b). 'If an idea is susceptible to only one form of expression, the merger doctrine applies and § 102(b) excludes the expression from the Copyright Act.'" *Nola Spice Designs*, 783 F.3d at 549 (quoting *Veeck v. S. Bldg. Code Cong. Int'l, Inc.,* 293 F.3d 791, 801 (5th Cir. 2002)).

Based on the same evidence as the Court highlighted in Section II(D)(iii) above, Plaintiff KFA is not entitled to summary judgment on Defendant Pradera SFR's merger defense because a genuine question of fact exists regarding whether the combination of elements featured in the copyrighted works at issue are arranged in a standard way, dictated by consumer preferences and other external constraints such that only one form of expression is possible. As the testimony from Mr. Flores, Dr. Greenstreet, and Mr. Sheya (included in Section II(D)(iii) above) indicates, a question of fact exists regarding whether there were only so many ways to arrange the layouts in these drawings and floorplans, for example, where the garage could be placed, where utility closets were located, and what the covered patio was designed to look like. Because a factfinder could reasonably conclude that copyright infringement had not occurred and external constraints and consumer preferences dictated the design choices featured in the Bluebonnet homes, the Court holds that Plaintiff KFA's motion for partial summary judgment against Defendant Pradera SFR on the affirmative defense of merge is **DENIED**.

### v.    Invalidity

As the Court discussed in Section II(B) and II(C)(vi), sufficient evidence has been proffered to create a genuine question of material fact regarding whether the asserted copyrighted works are entirely comprised of stock features or other standard arrangements of spaces dictated by consumer preference and external constraints sufficient to create a question

about whether the copyrighted works are original. The Court holds that there are genuine disputed issues of material fact about whether the copyrighted works in question are sufficiently original to merit protection. Because Plaintiff KFA's motion for partial summary judgment on the issue of copyright validity (ECF No. 202) is denied, the Court concludes that there is sufficient evidence to support Defendant Pradera SFR's asserted affirmative defense of invalidity. Plaintiff's motion for partial summary judgment on the affirmative defense of invalidity is **DENIED**.

Plaintiff KFA's motion for partial summary judgment against Defendant Pradera SFR on certain affirmative defenses is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is granted with respect to the affirmative defense of estoppel. Plaintiff's motion is denied with respect to the affirmative defenses of independent creation, *scènes à faire*, merger, and invalidity. Because Defendant Pradera SFR has agreed to withdraw its affirmative defenses of waiver, acquiescence, license, and public domain, Plaintiff's motion is denied as moot with respect to those affirmative defenses.

### E. Defendant AHV's Motion for Summary Judgment Against Plaintiff KFA (Copyright Infringement Claims)

The Court next turns to Defendant AHV's motion for summary judgment against Plaintiff KFA (ECF No. 152) and Plaintiff's response (ECF No. 169). For the reasons that follow, the Court holds that Defendant AHV's motion is denied and Plaintiff's claims against Defendant AHV for copyright infringement remain pending.

Defendant AHV asserts that Plaintiff KFA cannot bring a copyright infringement claim for its distribution of AGS Graphics and BluEnt renderings without KFA's CMI, arguing that these floorplan drawings and renderings are specifically exempted from copyright infringement under 17 U.S.C. § 120(a). *See* ECF No. 152. In response, Plaintiff KFA first argues that

Defendant AHV cannot seek dismissal based on this affirmative defense because (1) they did not plead Section 120(a) as an affirmative defense, (2) Section 120(a) does not apply to depictions of floorplans or pictorial representations of buildings that were not derived from completed buildings, (3) Section 120(a) applies only to architectural works copyrights, (4) Section 120(a) applies only to works subsequently constructed and not to claims for distribution of such images that occurred before the building was constructed and visible from a public place, and (5) Section 120(a) would not otherwise limit Plaintiff KFA's claims against AHV for its reproduction and distribution of KFA's construction drawings, nor AHV's involvement in the construction, marketing, and rentals of Bluebonnet units, nor to KFA's claims against AHV for contributory liability for acts of infringement committed by KTGY, Pradera, or AHV Vertical (an AHV affiliate). *See* ECF No. 169.

Under Section 120(a), a copyright in an architectural work that has been constructed "does not include the right to prevent the making, distributing, or public display of pictures, paintings, photographs, or other pictorial representations of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place." Accordingly, a defendant asserting an affirmative defense under Section 120(a) must demonstrate (1) that the alleged infringing work constitutes a picture, painting, photograph, or other pictorial representation of the copyrighted architectural work and (2) that the copyrighted architectural work has been constructed and is ordinarily visible from a public place.

As a threshold matter, the Court first addresses Plaintiff KFA's argument that summary judgment is inappropriate here because Defendant AHV did not plead Section 120(a) as an affirmative defense in either its original (ECF No. 17) or amended answer (ECF No. 106) (the operative pleading).

Whether an affirmative defense was raised in the answer is a question resolved under Rule 8(c). FED. R. CIV. P. 8(c). Courts look to the pleading itself to see if it gives "fair notice" of the applicable affirmative defense. *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (an affirmative defense must be pled "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.") (internal citation omitted); *see Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-CV-282 RP, 2015 WL 4935527, at *2 (W.D. Tex. Aug. 18, 2015) (evaluating affirmative defense under a notice-pleading standard and noting that courts in the Fifth Circuit have differing views on the question of whether affirmative defenses are subject to the heightened pleading standard enunciated in *Bell Atlantic v. Twombly*, 550 U.S. 544, (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Defendant AHV, in its amended answer, pleads the following affirmative defenses, among others: "AHV's conduct was innocent, non-infringing, and not a willful infringement of copyright[,]" "AHV's conduct was authorized[,]" and "KFA's claims are barred since critical portions of its alleged protected copyrights are invalid and consist of un-protectable material." ECF No. 106 at 73–74.

Here, the references to AHV's conduct being "non-infringing" and "authorized" were sufficient to give Plaintiff notice. The Court therefore holds that Defendant did not waive its defense that their conduct was non-infringing because it was exempted under Section 120(a). Even in reaching this conclusion, however, the Court notes that Section 120(a) is inapplicable in this case because the alleged distribution took place before the building was constructed and visible from a public place.

The Court next turns to Plaintiff's fourth argument, that Section 120(a) applies only to works subsequently constructed and not to claims for distribution of such images that occurred before the building was constructed and visible from a public place. Both parties direct the Court

30

to its previous holding in *Kipp Flores Architects, LLC v. AMH Creekside Dev., LLC*. No. SA-21-CV-01158-XR, 2022 WL 4352480, at *1 (W.D. Tex. Sept. 16, 2022).

In that case, this Court held "that floorplans and renderings constitute pictorial representations as contemplated by § 120(a)." *Id.* at *8. This Court concluded in that case that the Defendant's distribution of renderings and floorplans could not constitute infringement pursuant to Section 120(a) and specifically emphasized the timing of events in the case, noting that the alleged distribution took place in or after 2019, and that the copyrighted works had already been constructed at that time. *Id.* at *9 (internal citations omitted).

In contrast with *Kipp Flores Architects, LLC v. AMH Creekside Dev., LLC*, the Court here agrees with Plaintiff that Section 120(a) is not an affirmative defense that is applicable to claims of copyright infringement that occurred *before* the buildings at issue were constructed. Sufficient evidence exists to establish that Defendant AHV distributed KFA's construction plans, as well as the AGS Graphics images and the BluEnt renderings, before Pradera had been constructed (and before the houses at the River's Edge or Legacy developments were constructed).

Plaintiff's FAC alleges that, "[p]ursuant to an April 13, 2017 Development Agreement between AHV and Pradera SFR (the "Pradera Development Agreement"), Pradera SFR engaged AHV as the development manager for Pradera." ECF No. 60 at 27. Plaintiff further alleges that "AHV distributed copies of KFA's construction drawings for KFA Plan 1529 to persons acting on behalf of Pradera SFR on April 13, 2017. *Id.* at 32. Certificates of Occupancy for the Legacy development date from mid-2018 through 2019. ECF No. 152-1 at 4–83. Similarly, final inspection reports for the River's Edge development date from mid-2018 to 2019. ECF No. 152-1 at 85–179. Construction of the Pradera Development began in August 2017 and was completed

in November 2020. ECF No. 201-6 at 14. Sufficient evidence therefore establishes that Defendant AHV was distributing the copyrighted works at issue prior to the completion of Pradera, Legacy, or River's Edge; Section 120(a) is therefore inapplicable.

The Court concludes its analysis by noting its agreement with Plaintiff's contention that finding Section 120(a) applicable to cases like this one, involving distributions occurring before construction of the buildings at issue, would be entirely illogical. The eventual completion of construction of Pradera does not immunize AHV's distribution of floorplans and renderings from before Pradera construction had been completed. Because the timing of the alleged infringement prevents Defendant from relying on Section 120(a) as an affirmative defense, the motion for summary judgment is denied and the Court need not address Plaintiff's remaining arguments. For the foregoing reasons, Defendant AHV's motion for summary judgment (ECF No. 152) is **DENIED.**

## F. Defendant Pradera SFR's Sealed Motion for Partial Summary Judgment Against Plaintiff KFA (Damages)

Defendant Pradera SFR moves for partial summary judgment against Plaintiff KFA on two issues: 1) that KFA cannot recover damages based on a fair market value theory and 2) that KFA cannot recover damages based on a net present value theory. *See* ECF No. 201 at 5. The Court, after reviewing Defendant Pradera SFR's motion (ECF No. 201), Plaintiff KFA's response (ECF No. 168), and Defendant's reply (ECF No. 186), and in light of the hearing on the motion to exclude the testimony of Plaintiff KFA's damages expert, Shirley Webster, that took place on December 7, 2022, issues the following holding.

As stated in open court on December 7, 2022, "What we have is a mere inclusion of potentially infringing images in the promotional materials. That's insufficient to establish a reasonable relationship between the infringement and the defendant's revenues in this context, so

I'm not going to allow her to testify on that. And then the even closer call is our review of the case law agrees with Pradera SFR when there's gross revenues that are available the fair market value is not the appropriate form of damage calculation, so I'm not going to allow her to testify to that model. Otherwise, she can testify, and everything else by way of objections as to her goes to the weight of her testimony." ECF No. 194 at 54.

In line with the Court's reasoning as stated in open court on December 7, 2022, Defendant Pradera SFR's motion for partial summary judgment is **GRANTED**. Plaintiff KFA cannot recover damages based on a fair market value theory. Defendant Pradera SFR's motion for partial summary judgment on the issue of utilizing a damages calculation of net present value is premature and therefore **DENIED**. The Court declines at this time to make a factual finding about the appropriateness of future profits damages until all evidence has been presented and heard. Should the jury find copyright infringement has occurred, the Court will consider instructions on future profits. Because Ms. Webster's testimony on the theory of net present value is admissible at trial, and subject to cross-examination, the court finds summary judgment on this issue is inappropriate at this time. *See also Looney Ricks Kiss Architects, Inc. v. Bryan*, No. CIV.A. 07-572, 2010 WL 5175167, at *3 (W.D. La. Dec. 7, 2010) (holding that summary judgment was inappropriate because Plaintiff could pursue recovery of the infringer's profits based on future revenues under 17 U.S.C. § 504). Defendant Pradera SFR's motion for partial summary judgment against Plaintiff KFA is **GRANTED IN PART AND DENIED IN PART**.

### G. Defendant KTGY's Sealed Motion for Summary Judgment Against Plaintiff KFA

Defendant KTGY, in its motion for summary judgment, requests that the Court dismiss all of Plaintiff KFA's claims against KTGY. The Court turns to the pending motion (ECF No. 199), Plaintiff KFA's response (ECF No. 167), and Defendant KTGY's reply (ECF No. 179). First, Defendant KTGY argues that, because the copyrighted works in dispute are not sufficiently

original, but rather *scènes à faire*, or alternatively, are only entitled to thin protection, Plaintiff's copyright infringement claim against Defendant KTGY fails. Second, Defendant KTGY argues that Plaintiff's claim of contributory infringement by KTGY fails as KTGY lacked the requisite intent to induce or encourage direct infringement by Defendants Pradera SFR or AHV. Finally, Defendant KTGY argues that it cannot be held jointly and severally liable with Defendant Pradera SFR or Defendant AHV for profits in this case because there is no partnership or joint venture between KTGY and the other Defendants. The Court will examine each issue in turn.

      **i.**     **Plaintiff KFA's Copyright Infringement Claim against Defendant KTGY**

As detailed above in Section II(B), sufficient evidence has been proffered to create a genuine question of material fact regarding whether the asserted copyrighted works are entirely comprised of stock features or other standard arrangements of spaces dictated by consumer preference and external constraints sufficient to create a question about whether the copyrighted works are original. The Court therefore holds that there are genuine disputed issues of material fact about whether the copyrighted works in question are sufficiently original to merit protection.

The Court also notes that, because it holds that a genuine question of material fact exists regarding whether the copyrighted works at issue in this case are original, Defendant KTGY's arguments about "thin protection" are unavailing and do not warrant analysis from the Court at this time. There is sufficient evidence in the summary judgment record from Plaintiff KFA's experts, including Michael Hricak and Peter Pfeiffer, to support KFA's position that the copyrighted works at issue in this case demonstrate originality and are not standard or generic. *See* ECF No. 167-9 at (Michael Hricak Expert Report) (noting that "KFA Plans 1484, 1525/1529 and 1904 are each creative and elegant solutions to the challenge of a modest house on a small, narrow lot. They are very efficient layouts, able to provide variations in terms of profile, roof shape, and massing. They are anything but generic or standard, and demonstrate architectural

skill and vision"); ECF No. 167-12 (Peter Pfeiffer Expert Report) (noting that "[t]he building designs reflected in the KFA works at issue demonstrate considerable architectural skill and aesthetic choices that go far beyond mere functionality"). Such evidence in the summary judgment record is sufficient to support the Court's holding that Defendant KTGY's motion for summary judgment on Plaintiff's copyright infringement claim is **DENIED**.

> ii.   **Plaintiff KFA's Contributory Infringement Claim against Defendant KTGY**

"One infringes contributorily by intentionally inducing or encouraging direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 914 (2005). "To establish a claim for contributory copyright infringement, a copyright owner must show that the defendant, with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another." *DynaStudy, Inc. v. Houston Indep. Sch. Dist.*, 325 F. Supp. 3d 767, 775 (S.D. Tex. 2017); *see also Alcatel USA, Inc., v. DGI Technologies, Inc.*, 166 F.3d 772, 790 (5th Cir. 1999)).

Testimony from former KTGY employee Emilio Dumatol, described in detail in Section II(A), establishes a genuine issue of material fact as to the requisite intent required for contributory infringement liability and therefore precludes summary judgment on this issue. Excerpts from Mr. Dumatol's deposition establish that "he reviewed the floor plans and elevations from Kipp Flores" saved on the KTGY server. ECF No. 117-7 at 75:25–76:2, 122:20–25. Mr. Dumatol further admitted, when asked if he had KFA's written permission to use KFA's architect's instrument of service, that he did not. *Id.* at 126:18–21. Additionally, the copyrighted works at issue in this case which KFA provided to KTGY all bore the following notice warning:

> The arrangements depicted herein are the sole property of Kipp Flores
> Architects, and may not be reproduced in any form without its written
> permission. This copyright notice and use restrictions are "Copyright
> Management Information" under the Digital Millennium Copyright

> Act. It is included to detect and deter copyright infringement, and as
> such must not be modified or omitted.

*See, e.g.*, ECF No. 117-2 at 2–22. The testimony of Mr. Dumatol, taken together with the fact that the KFA works provided to KTGY retained the notice warning above, are more than sufficient to establish a genuine issue of material fact as to the requisite intent element required for a finding of contributory infringement. Defendant KTGY has not met the incredibly high burden at this stage of establishing that it neither intentionally induced nor encouraged direct infringement. To the contrary, the summary judgment evidence establishes a genuine question about whether KTGY intended to commit contributory infringement by disregarding KFA's notice warning and utilizing the copyrighted works at issue in this case. Defendant KTGY's motion for summary judgment on contributory infringement is therefore **DENIED**.

### iii.   Plaintiff KFA's Claim that Defendant KTGY is Jointly and Severally Liable for Defendant Pradera SFR and Defendant AHV's Profits

17 U.S.C. § 504 provides remedies to plaintiffs for copyright infringement. Specifically:

> The copyright owner is entitled to recover the actual damages suffered
> by him or her as a result of the infringement, and any profits of the
> infringer that are attributable to the infringement and are not taken into
> account in computing the actual damages. In establishing the
> infringer's profits, the copyright owner is required to present proof
> only of the infringer's gross revenue, and the infringer is required to
> prove his or her deductible expenses and the elements of profit
> attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b). Congress, "[i]n allowing the plaintiff to recover 'the actual damages suffered by him or her as a result of the infringement,' plus any of the infringer's profits 'that are attributable to the infringement and are not taken into account in computing the actual damages,' . . . recognize[d] the different purposes served by awards of damages and profits." H.R. Rep. No. 94-1476, at 161 (1976); *see also Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432 (8th Cir. 1992) ("The purpose of the Copyright Act is therefore to permit

"recovery of actual damages, in addition to the infringer's profit, in recognition that some types of infringement inflict more harm to the copyright owner than the benefit reaped by the infringer, for example, where the infringer's minimal use forecloses a broader market . . . where the copyright owner's provable profit margin is greater than the infringer's . . . .").

Generally speaking, however, there is only several liability for profits. *See, e.g.*, 6 Patry on Copyright § 22:148; *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (9th Cir. 1985) ("When a copyright is infringed, all infringers are jointly and severally liable for plaintiffs' actual damages, but each defendant is severally liable for his or its own illegal profit; one defendant is not liable for the profit made by another."); *Belford, Clarke & Co. v. Scribner*, 144 U.S. 488, 507 (1892) ("[D]efendants who did not participate in the profits realized ought not to be charged with any part of those profits."); *Nelson-Salabes, Inc. v. Morningside Development, LLC*, 284 F.3d 505, 517 (4th Cir. 2002) ("The rule that all defendants who engage in the same act of copyright infringement are jointly and severally liable applies only to the defendant[s'] liability for damages.) (internal quotations and citation omitted); *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467, 472 (2d Cir. 1985) ("Section 504(b) . . . appears to require no departure from the rule prevailing under the predecessor provision that a co-infringer ordinarily may be held jointly liable only for the actual damages suffered by a plaintiff copyright holder, not for the illegal profits of his fellow infringers."); *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir. 1981) ("Because infringement of copyright is considered a tort, the general statement often is made that all defendants concerned in the infringement are jointly and severally liable. However, this rule applies only to the defendant's liability for damages. Insofar as there is liability for illegal profit, the liability is several; one defendant is not liable for the profit made by another.") (internal citation omitted).

Joint and several liability for profits exists only when a plaintiff can establish that the defendants acted jointly as partners or "practical partners." *See, e.g.*, *Nelson-Salabes, Inc.*, 284 F.3d 517 (noting "that entity's role in activity, degree of direction of activity, and financial interest in activity were relevant in addressing the existence of a practical partnership").

Plaintiff's cited case law confuses two secondary liability theories: contributory infringement and vicarious infringement. Plaintiff has not asserted any claims of vicarious liability against Defendant KTGY. *See* ECF No. 60. Similarly, Plaintiff has not established in any way that Defendant KTGY is a partner of either Defendant Pradera SFR or Defendant AHV. Because there has been no evidence proffered to support a claim of vicarious liability, and because there is no evidence to support a partnership between Defendant KTGY and the other Defendants to establish an exception to the general rule that there is only several liability for profits, Defendant KTGY's motion for summary judgment on the issue of joint and several liability of profits is **GRANTED**. Defendant KTGY's motion for summary judgment against Plaintiff KFA is therefore **GRANTED IN PART AND DENIED IN PART**. Plaintiff's direct and contributory copyright infringement claims against Defendant KTGY remain pending, but Plaintiff is prevented from recovering profits from Defendant KTGY under a joint and several liability theory.

## CONCLUSION

For the foregoing reasons, the Court orders the following:

Plaintiff KFA's motion for partial summary judgment against Defendant KTGY (ECF No. 117) is **DENIED**.

Plaintiff KFA's motion for partial summary judgment against Defendants Pradera SFR, AHV, and KTGY (ECF No. 202) is **DENIED**.

Plaintiff KFA's motion for partial summary judgment against Defendant AHV (ECF No. 204) is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff KFA's motion for partial summary judgment against Defendant Pradera SFR (ECF No. 203) is **GRANTED IN PART AND DENIED IN PART**.

Defendant AHV's motion for summary judgment against Plaintiff KFA (ECF No. 152) is **DENIED**.

Defendant Pradera SFR's motion for partial summary judgment against Plaintiff KFA (ECF No. 201) is **GRANTED IN PART AND DENIED IN PART**.

Defendant KTGY's motion for summary judgment against Plaintiff KFA (ECF No. 199) is **GRANTED IN PART AND DENIED IN PART**.

It is so **ORDERED**.

**SIGNED** this 2nd day of January, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE